IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Hashem Salman,<br><br>        Petitioner,<br><br>vs.<br><br>Joseph M. Arpaio, et al.,<br><br>        Respondents. | No. CV-12-1747-PHX-ROS (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on the Petition for Writ of Habeas Corpus (the "Petition"), pursuant to 28 U.S.C. § 2254, in which Petitioner, through counsel, challenges sixty-seven misdemeanor convictions in City of Phoenix Municipal Court Case No. 20109013343. (Doc. 1) Respondents have filed a Limited Answer to Petition for Writ of Habeas Corpus (the "Answer"). (Doc. 13) Petitioner then filed a Response to Respondents' Limited Answer to Petition for Writ of Habeas Corpus (the "Reply"). (Doc. 14) As explained below, the undersigned Magistrate Judge recommends the Petition be denied as untimely.

## I. Background

### A. Trial and Sentencing

On May 7, 2010, the State of Arizona filed a Misdemeanor Complaint against Petitioner, charging him with sixty-seven counts of building code, fire code and zoning ordinance violations. (Doc. 13, Exhibit ("Exh.") A) Following a five day bench trial in August 2010, the trial court found Petitioner guilty of all counts. (Doc. 13, Exhs. C, G) The

1 trial court sentenced Petitioner to three years probation, sixty days in jail, $2,000 in jail fees and fines totaling $10,000. (*Id.*)

**B. Direct Review**

Petitioner filed a *pro se* Notice of Appeal on September 29, 2010.[1] (Doc. 14, Exh. D) After briefing was completed, the Honorable Crane McLennon, Judge of the Maricopa County Superior Court, issued a decision on June 2, 2011, affirming the judgments of conviction and sentences imposed. (Doc. 14, Exh. G)  On July 7, 2011, Petitioner, through counsel, filed a Notice of Appeal, stating he was appealing the Superior Court's decision to the Arizona Court of Appeals.[2] (Doc. 14, Exh. J)  Petitioner subsequently filed an Opening Brief, after which the State filed a Motion for Involuntary Dismissal and Answering Brief. (Doc. 13, Exhs. L, M)  On December 30, 2011, the Arizona Court of Appeals issued an order dismissing the appeal. (Doc. 13, Exh. O)  The Court of Appeals explained that Rule 31.3 of the Arizona Rules of Criminal Procedure requires a Notice of Appeal to be filed within twenty days after the entry of judgment and sentence. (*Id.*)  The Court found Plaintiff's Notice of Appeal, filed on July 7, 2011, was submitted more than twenty days after the Superior Court's decision. (*Id.*)  The Court concluded that because the time for filing a notice of appeal is jurisdictional, it was without jurisdiction to consider Petitioner's appeal from the Superior Court's decision. (*Id.*)  Petitioner did not seek review of the Court of Appeals's decision in the Arizona Supreme Court. (Doc. 13, Exh. R)

**C. Other State Proceedings**

On July 16, 2012, Petitioner, through counsel, filed a Petition for Writ of Habeas Corpus in the Arizona Supreme Court. (Doc. 13, Exh. Q)  Soon thereafter, Justice Scott Bales of the Arizona Supreme Court issued an order denying the petition, explaining that a State

---

[1] Pursuant to Arizona Revised Statutes ("A.R.S.") § 22-371(A), "[t]he defendant in a criminal action may appeal to the superior court from the judgment of a justice or municipal court."

[2] Before filing the Notice of Appeal, Petitioner filed a Motion to Reconsider on June 21, 2011, which was denied by the Superior Court on September 12, 2011. (Doc. 14, Exh. H, K)

- 2 -

petition for writ of habeas corpus in Arizona is a limited remedy reserved to challenges to the State court's jurisdiction. (Doc. 13, Exh. R) A subsequent Motion to Reconsider was denied. (Doc. 13, Exhs. S, T)

On August 6, 2012, Petitioner, through counsel, filed a Motion for Post-Conviction Relief Pursuant to Rule 32.1(H) in the Phoenix Municipal Court. (Doc. 13, Exh. U) After the State filed an Opposition, the Municipal Court summarily denied the Motion on October 19, 2012 (Doc. 13, Exhs. V, B at 1) Respondents assert Petitioner did not file a petition for review of the Municipal Court's denial of his post-conviction relief motion. (Doc. 13 at 7)

### D. Federal Habeas Petition[3]

On August 15, 2012, Petitioner filed his Petition for Writ of Habeas Corpus in this District Court. (Doc. 1) Petitioner asserts that at the time he filed the Petition, he was in custody at the Maricopa County Lower Buckeye Jail.[4] (*Id.* at 1) Petitioner raises two grounds for relief in the Petition. (Doc. 1 at 5-8) In Ground One, Petitioner alleges the Municipal Court's convictions violate his "due process and equal protection rights under the Fourteenth Amendment." In Ground Two, Petitioner alleges the convictions violate his "rights to freely

---

[3] The Court notes that in addition to the challenges to his convictions in the State courts, and the instant federal habeas petition, Petitioner has also filed two civil rights actions in this District Court, arising from the same set of facts that resulted in his criminal convictions. (*See* CV-11-646-PHX-FJM and CV-12-1219-PHX-JAT; Doc. 13, Exh. 9) Both actions were dismissed without prejudice. (*Id.*)

[4] Although it is not clear from the briefing, the Court assumes, given the sentence imposed, that Petitioner is no longer in custody. Petitioner's subsequent release from custody after filing the Petition does not deprive the District Court of habeas jurisdiction. *See Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005) (holding that "if a petitioner is in custody at the time he files his federal habeas petition, his subsequent release from custody does not deprive the court of its jurisdiction"). In addition, if Petitioner is still on probation for his convictions, he is "in custody" for purposes of habeas jurisdiction. *See id.* Finally, Petitioner's release from custody does not render this case moot because the Ninth Circuit has recognized that there is "an irrefutable presumption that collateral consequences result from any criminal conviction." *Id.*

exercise his religion and to assemble under the First Amendment and RLUIPA[5] because they are not the least restrictive means of furthering any compelling government interest." On December 3, 2012, Respondents filed their Answer. (Doc. 13) Petitioner filed his Reply on January 4, 2013. (Doc. 14)

**II. Discussion**

Respondents argue the Petition should be dismissed as time-barred because it was not filed within the applicable statute of limitations period. Alternatively, Respondents contend Petitioner's claims are procedurally defaulted. Because the information presented establishes the Petition was filed after the limitations period expired, the undersigned Magistrate Judge finds the Petition is barred and recommends it be denied on that basis. It is, therefore, unnecessary to address Respondents' alternative argument.

**A. Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[6] imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been

---

[5] The Court assumes Petitioner is referring to the Religious Land Use and Institutionalized Persons Act of 2000. 42 U.S.C. §§ 2000cc *et seq.*

[6] The AEDPA, which was signed into law on April 24, 1996, governs federal habeas petitions filed after the date of its enactment. *Lindh v. Murphy*, 521 U.S. 320, 326-327 (1997).

>newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Under § 2244(d)(1)(A), a conviction becomes final when a petitioner fails to seek review from the highest state court from which direct review could be sought, and the time for seeking such review elapses. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007) (holding petitioner's "direct appeal was final upon the expiration of the time for seeking review of the Court of Appeals decision in the Arizona Supreme Court") The "time for seeking such review" is determined by state law. *See id.* at 1074 (applying Ariz.R.Crim.P. 31.19(a) to determine the time petitioner had to seek review of Court of Appeals decision to Arizona Supreme Court). If a petitioner later files an untimely appeal, the date of finality remains the expiration date for timely filing an appeal. *See Randle v. Crawford*, 604 F.3d 1047, 1054-55 and 1057 (9th Cir. 2010) (holding that a state supreme court's order dismissing an appeal as untimely did not constitute "the conclusion of direct review" pursuant to § 2244(d)(1)(A); rather, the petitioner's conviction became final upon the expiration of the time allowed to file an appeal).

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); *Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). An application for post-conviction relief remains "pending" for purposes of the tolling provision in § 2244(d)(2) until it achieves final resolution through the State's post-conviction procedure. *Carey v. Saffold*, 536 U.S. 214, 219-220 (2002). A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." *Chavis v. Lemarque*, 382 F.3d 921, 925 (9th Cir. 2004). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed even though the petition itself may not be filed until later. *Isley v. Arizona Department of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004) ("[W]e hold that

1  Isley's state petition was "pending" within the meaning of 28 U.S.C. § 2244(d)(2) and he was
2  entitled to tolling from the date when the Notice was filed. The district court erred in
3  dismissing his petition as untimely."). However, filing a petition for post-conviction relief
4  does not reinitiate a limitations period that ended before the petition was filed. *See Ferguson*
5  *v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

6  The AEDPA statute of limitations is subject to equitable tolling in appropriate cases.
7  *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). For equitable tolling to apply, a petitioner
8  must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary
9  circumstances stood in his way" that prevented him from filing a timely petition. *Id.* at 2562
10 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted).

11 **B. Analysis**

12 Here, the Maricopa County Superior Court, on direct review, affirmed Petitioner's
13 convictions and sentences on June 2, 2011. (Doc. 13, Exh.G, O)  Petitioner then had twenty
14 days to seek review in the Arizona Court of Appeals. *See* Ariz.R.Crim.P. 31.3 (providing that
15 a notice of appeal must be filed within twenty days of the judgment and sentence).[7]
16 Petitioner, however, did not file his Notice of Appeal until July 7, 2011. (Doc. 13, Exh. J) As
17 a result of Petitioner's failure to timely seek review in the Arizona Court of Appeals, his
18 convictions became final upon the expiration of the twenty-day time limit to seek review,
19 which was June 22, 2011. *See* 28 U.S.C. § 2244(d)(1)(A); *Randle*, 604 F.3d at 1054-55.
20 Thus, the AEDPA's statute of limitations period started to run the next day, on June 23,
21 2011, and ran uninterrupted until it expired one year later on June 23, 2012.  Although
22 Petitioner filed a State Petition for Writ of Habeas Corpus on July 23, 2012 and a Motion for
23 Post-Conviction Relief on August 6, 2012, neither of those filings tolled the limitations
24 period because it had already expired. *See Ferguson*, 321 F.3d at 823.  When Petitioner filed
25 his Petition in this District Court on August 15, 2012, almost two months had passed since

---

[7] The Superior Court Rules of Appellate Procedure - Criminal, Rule 13(b), provides that the time limit in Ariz.R.Crim.P. 31.3 applies to appeals from a final decision of the Superior Court.

- 6 -

1  the limitations period expired. Consequently, the Petition is untimely.

2  Petitioner argues in the Reply that Arizona law prohibited him from appealing the Superior Court's decision to a higher state court. As a result, according to Petitioner, the expiration of time for seeking direct review under § 2244(d)(1)(A) did not expire until ninety days after the Superior Court's decision, which reflects the amount of time Petitioner had to file a petition for writ of *certiorari* to the United States Supreme Court. (Doc. 14 at 2) Petitioner contends, therefore, that the one-year limitations period began to run on August 31, 2011, ninety days after the June 2, 2011 Superior Court decision. Because he filed his Petition in this District Court less than one year later on August 15, 2012, Petitioner claims the Petition is timely.

Petitioner relies on A.R.S. § 22-375 for his argument. That statute provides:

> A. An appeal may be taken by the defendant, this state or any of its political subdivisions from a final judgment of the superior court in an action appealed from a justice of the peace or police court, if the action involves the validity of a tax, impost, assessment, toll, municipal fine or statute.
>
> B. Except as provided in this section, there shall be no appeal from the judgment of the superior court given in an action appealed from a justice of the peace or a police court.

A.R.S. § 22-375.

The Arizona Court of Appeals has interpreted this statute to mean that, with respect to a statute or city ordinance, its jurisdiction extends only to a review of the statute's or ordinance's facial validity. *State v. Putzi*, 223 Ariz. 578, 579, 225 P.3d 1154, 1155 (Az. Ct. App. 2010); *see also State v. Russo*, 219 Ariz. 223, 225, 196 P.3d 826, 828 (Az. Ct. App. 2008) (Court of Appeals held that its jurisdiction on appeal from the Superior Court was limited to a consideration of the facial validity of the statute under which the defendant was convicted in municipal court.); *State v. McLamb*, 188 Ariz. 1, 4, 932 P.2d 266, 269 (Az. Ct. App. 1996) (Court of Appeals held that its review of the defendant's appeal was limited to the facial validity of the city ordinance at issue because the action was instituted in municipal court and appealed to superior court.). The Court of Appeals is without jurisdiction under § 22-375 to examine whether an ordinance is unconstitutional as applied to the defendant.

1  *Putzi*, 223 Ariz. at 579, 225 P.3d at 1155.

2      Petitioner is essentially arguing that his Notice of Appeal following the Superior
3  Court's decision, and his subsequent Opening Brief in the Arizona Court of Appeals, were
4  exercises in futility because he was prohibited by § 22-375 from filing an appeal. While some
5  of the issues raised by Petitioner in his appeal to the Court of Appeals may have been
6  precluded by § 22-375, Petitioner also challenged the facial validity of his conviction
7  offenses.

8      Petitioner argued in the appeal that his conviction offenses are unconstitutionally
9  vague.[8] He claimed they are unconstitutionally vague because "'a person of ordinary
10  intelligence' could not know what is permitted." (Doc. 13, Exh. L at 5) (citing Arizona law
11  regarding whether a statute is unconstitutionally vague). He further argued that "[t]he
12  ordinances and code *as written* are vague and . . . are left to the sole and discretionary
13  interpretation of individual inspectors." (Doc. 13, Exh. L at 8) (emphasis added). The
14  Arizona Court of Appeals in dismissing Petitioner's appeal, however, did so based on its
15  untimeliness. (Doc. 13, Exh. O) The Court did not state that Petitioner was precluded by §
16  22-375 from bringing the appeal. (*See id.*)

17      For these reasons, the undersigned Magistrate Judge rejects Petitioner's argument that
18  he could not appeal any higher than the Superior Court and that his time for seeking direct
19  review under § 2244(d)(1)(A) included the ninety-day period for filing a petition for writ of
20  *certiorari*. Here, Petitioner's challenges to the facial validity of his convictions rendered §
21  22-375 inapplicable, at least as to those challenges. Thus, as discussed above, Petitioner's
22  time for seeking direct review expired after twenty days, the deadline for filing his appeal
23  from the Superior Court decision, and did not include the ninety-day time limit for filing a
24  petition for writ of certiorari. *See Tuggle v. Guarini*, 2009 WL 192890, *1 (C.D.Cal. Jan. 21,

---

[8] Petitioner initially argued that "the zoning, building, and fire codes, *as enforced against Defendant*, are unconstitutionally vague." (Doc. 13, Exh. L at 4) (emphasis added) He then went on, however, to argue that the language of the provisions is unconstitutionally vague such that a person of ordinary intelligence would not know what is prohibited (*i.e.*, a facial challenge to the provisions).

2009) (where a defendant fails to seek review from the highest court of the state, he may not then petition the Supreme Court for certiorari and thus is not entitled to the 90-day period for such a petition before his conviction becomes final); *see also Swantz v. Mills*, 2010 WL 2608337, *1 (D. Or. May 20, 2010) (same).

Finally, Petitioner does not argue in the Petition or in the Reply that equitable tolling should apply in this case. Moreover, the undersigned Magistrate Judge does not find any basis to conclude that extraordinary circumstances stood in Petitioner's way to prevent him from filing a timely petition. Petitioner is, therefore, not entitled to equitable tolling of the limitations period.

**C. Conclusion**

For the foregoing reasons, this Magistrate Judge finds Petitioner filed the Petition after the limitations period expired. Consequently, the Petition is untimely and barred by the AEDPA's statute of limitations.

Based on the foregoing,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, doc. 1, be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, must not be filed until entry of the District Court's judgment. The parties have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), (b), and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the undersigned Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate

1 | Judge's recommendation. *See* Fed.R.Civ.P. 72.

2 | Dated this 27th day of September, 2013.

Lawrence O. Anderson
United States Magistrate Judge