IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Hashem Salman,<br><br>             Petitioner,<br><br>v.<br><br>Joseph M. Arpaio, et al.,<br><br>             Respondents. | No. CV-12-01747-PHX-ROS<br><br>**ORDER** |

Before the Court are Petitioner Michael Salman's objections to the Magistrate Judge's report and recommendation recommending denial of the Petition for Writ of Habeas Corpus ("Petition"). (Doc. 15, 16). For the following reasons, this Court sustains the Magistrate Judge's report and recommendation but will deny the petition on alternative grounds.

**BACKGROUND**

On May 7, 2010, Petitioner Michael Salman ("Petitioner") was convicted in the City of Phoenix Municipal Court of 67 counts of violating building codes and zoning ordinances. He was sentenced to three years' probation, sixty days imprisonment, $2,000 in jail fees, and $10,000 in fines. (Doc. 13, Exhs. C, G). Petitioner appealed his conviction to the Maricopa County Superior Court, which affirmed the judgments of conviction and sentences imposed. (Doc. 14, Exhs. D, G). Petitioner subsequently filed a motion to reconsider the superior court's entry (Doc. 13, Exh. H), which was denied. (Doc. 13, Exh. K). On July 7, 2011, Petitioner, through counsel, filed a Notice of Appeal,

of the superior court's decision to the Arizona Court of Appeals. (Doc. 14, Exh. J). The court of appeals dismissed the appeal as untimely, meaning submitted more than 20 days after the entry of judgment and sentence. (Doc. 13, Exh. O).

On July 16, 2012, Petitioner, through counsel, filed a Petition for Writ of Habeas Corpus in the Arizona Supreme Court, which was denied. (Doc. 13, Exh. Q). On August 15, 2012, Petitioner filed his Petition for Writ of Habeas Corpus in this District Court. (Doc. 1). Petitioner raises two grounds for relief in the Petition. (Doc. 1 at 5-8). In Ground One, Petitioner alleges the Municipal Court's convictions violate his "due process and equal protection rights under the Fourteenth Amendment." In Ground Two, Petitioner alleges the convictions violate his "rights to freely exercise his religion and to assemble under the First Amendment and RLUIPA because they are not the least restrictive means of furthering any compelling government interest."

Respondents argued the federal petition should be dismissed as time-barred and, alternatively, as procedurally defaulted. (Doc. 13). The Magistrate Judge determined the Petition was time-barred and never reached Respondents' exhaustion argument. (Doc. 15). The Magistrate Judge found some of Petitioner's claims were barred from review by the Arizona Court of Appeals under A.R.S. § 22-375,[1] which has been interpreted to provide for appeals for challenges to an ordinance's facial validity, but not to its as-applied constitutionality. *Id.*

The Magistrate Judge acknowledged some of Petitioner's claims were facial challenges, while others were as-applied challenges. (Doc. 15). Petitioner's facial challenges were appealable to the court of appeals within 20 days after his dismissal by the superior court. *Id.* Petitioner did not appeal until July 7, 2011. (Doc. 13, Exh. J). The Magistrate Judge determined the one-year period for filing a federal habeas

---

[1] Stating, in part: "A. An appeal may be taken by the defendant, this state or any of its political subdivisions from a final judgment of the superior court in an action appealed from a justice of the peace or police court, if the action involves the validity of a tax, impost, assessment, toll, municipal fine or statute. B. Except as provided in this section, there shall be no appeal from the judgment of the superior court given in an action appealed from a justice of the peace or a police court."

petition began to run on June 23, 2011, the date on which Petitioner's time for filing a timely appeal expired. (Doc. 15). The Petition filed on August 15, 2012 was, according to the Magistrate Judge, untimely by almost two months. *Id.*

Petitioner argues the Magistrate Judge erred in calculating the limitations period for all of Petitioner's claims. Instead, those claims that were appealable to the court of appeals should have been distinguished from those that were not. (Doc. 16). According to Petitioner, the Magistrate Judge should have found he had 90 days to appeal his as-applied claims. *Id.* He argues those claims were appealable only to the United States Supreme Court, which, unlike the Arizona Court of Appeals, provides 90 days to apply for a writ of certiorari from the entry of the lower court judgment. *Id.* Under this calculus, the one-year period for filing a federal habeas petition regarding Petitioner's as-applied claims would have begun on August 31, 2011, not June 23, 2011, and Petitioner's August 15, 2012 Petition would have been timely. *Id.*

## ANALYSIS

**I. Standard of Review for Report and Recommendation**

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Where any party has filed timely objections to the magistrate judge's report and recommendations, the district court's review of the part objected to is to be *de novo*. *Id. See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Mortensen v. BAC Home Loans Servicing, LP*, 1:10-CV-00298-EJL, 2013 WL 943085 (D. Idaho Mar. 8, 2013). Petitioner's objections to the Report and Recommendation do not object to the facts but only to the legal conclusions to be drawn from those facts. Thus, the Court will review the legal issues *de novo*.

## II. Legal Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), state prisoners have a one-year period in which to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Generally, the limitations period runs from the latest of either the date on which the judgment became final through the conclusion of direct review or the date on which the time for seeking such review expired. 28 U.S.C. § 2244(d)(1)(A). In *Gonzalez v. Thaler*, the Supreme Court clarified this standard for petitioners who have the option to appeal to the Supreme Court of the United States:

> For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires.

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012). Specifically, where a writ for certiorari is permissible, but none is filed, "direct review is considered final when the *certiorari* petition would have been due, which is 90 days after the decision of the state's highest court." *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010). As the Magistrate Judge noted, equitable tolling is available when a petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way, and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal quotation marks omitted).

Further, federal law requires a state prisoner to "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The Supreme Court has said the doctrine of comity requires state prisoners to fairly present claims that their confinement violates federal law in state court before coming to federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Rose v. Lundy*, 455 U.S. 509, 515-516 (1982)). A petitioner fairly presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the

proper forum, *see* 28 U.S.C. § 2254(c), (2) through the proper vehicle, *see Castille v. Peoples*, 489 U.S. 346, 351 (1989), and (3) by providing the proper factual and legal basis for the claim, *see Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999). *See also Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009). Exhaustion doctrine, however, does not require the pursuit of a "specific state remedy when a State has provided that that remedy is unavailable." *O'Sullivan*, 526 U.S. at 847.

Failure to comply with either the statute of limitations or the exhaustion requirements will result in dismissal in federal court.

**III. Petitioner's As-Applied Claims Were Not Time-Barred**

The Magistrate Judge acknowledged portions of Petitioner's claims appeared to be facial challenges, while other portions appeared to be as-applied challenges. (Doc. 15). The Magistrate Judge found Petitioner's as-applied challenges were barred from review by the Arizona Court of Appeals under A.R.S. § 22-375. (Doc. 15). The Magistrate Judge determined that the period for appealing Petitioner's facial challenges expired on June 23, 2011. (Doc. 15). Based on that finding, the Magistrate Judge concluded the one-year clock on Petitioner's facial, as well as his as-applied claims, began to run on June 23, 2012. (Doc. 15). The Magistrate Judge erred in that Petitioner's as-applied claims were appealable only to the United States Supreme Court. The one-year clock on those claims did not accrue until 90 days following the Superior Court decision on June 2, 2011.

As Petitioner argues, the Ninth Circuit evaluates the statute of limitation for petitions for writs of habeas corpus on a claim-by-claim basis. *Mardesich v. Cate*, 668 F.3d 1164, 1169-71 (9th Cir. 2012). As such, the habeas clock began at different times for Petitioner's facial and as-applied challenges. Petitioner had until August 31, 2012 to file his federal petition for habeas corpus based on his as-applied challenges. And Petitioner submitted his Petition on August 15, 2012, which was timely. (Doc. 1). To the extent, however, that Petitioner was attempting to assert facial challenges, those challenges *are* barred by the one-year statute of limitations.

### IV. Petitioner's As-Applied Challenges Fail Under the Exhaustion Requirement

A state may mandate a petitioner use a particular procedure for a particular type of claim "so long as the right of review is not foreclosed or unduly limited." *Kellotat v. Cupp*, 719 F.2d 1027, 1030 (9th Cir. 1983) (quoting *Thompson v. Procunier*, 539 F.2d 26, 28 (9th Cir. 1976) (per curiam)). If the petitioner fails to invoke the required procedure, exhaustion is not satisfied even if the petitioner raises the claim through an alternative procedure. *See Kellotat*, 719 F.2d at 1030 (holding petitioner failed to exhaust state remedies by raising improper denial of appointment of appellate counsel on direct appeal instead of in post-conviction proceedings). But, when a state merely indicates a preference for use of a particular procedure, a petitioner may exhaust state remedies even if the petitioner invokes an alternative procedure. *See Turner v. Compoy*, 827 F.2d 526, 529-30 (9th Cir. 1987) (holding though California Supreme Court stated only a preference for resolving ineffective assistance of counsel claim in habeas proceedings, petitioner exhausted state remedies by raising claim on direct appeal).

In Petitioner's appeal to the superior court, his reference to federal claims were far from clear. In his "Memorandum for Appeal from City of Phoenix Municipal Court," Petitioner stated one of his many grounds for appeal as:

> The judgment and sentence violate the Constitution of the United States, RLUIPA and A.R.S. 41-1493.01. <u>Free exercise of **religion** protected</u> & 41-1493.03. <u>Free exercise of **religion**; land use regulation</u>.

(Doc. 13-2 at 5). Later in his brief, Petitioner argued "the City of Phoenix has violated [his] Constitutional Rights," and "[t]he State of Arizona understands the federal mandates and protections of the Constitution," but refused to grant Petitioner such protection. (Doc. 13-2 at 9-10). However, the overwhelming focus of the relevant portion of the brief was Arizona law regarding religious organizations. (Doc. 13-2 at 10-14). Petitioner's brief did not cite *any* relevant federal case law, statutes, or specific constitutional provisions in support of his claims.

The Phoenix City Prosecutor's response presented four short paragraphs arguing the relevant city codes did not violate the "Free Exercise Clause of the First Amendment to United States Constitution." (Doc. 13-2 at 30). And in its decision affirming the convictions, the superior court noted Petitioner made "several arguments that the convictions in the present case violate his Constitutional right to religious freedom." But when analyzing those claims, the superior court looked to Arizona, not federal, law. (Doc. 13-2 at 37-38).

After that decision, Petitioner filed a motion for reconsideration. That motion presented a single argument that the "codes and ordinances are unconstitutionally vague." (Doc. 13-2 at 41). The only code section cited was "section 303.1 of the building code." (Doc. 13-2 at 42). The motion also stated Petitioner's "conduct is Constitutionally protected by the Second Amendment [sic] as it is religious in nature and in conformance with his sincerely held religious beliefs." (Doc. 13-2 at 42). The City of Phoenix opposed the motion for reconsideration, arguing it was procedurally improper.[2] The City of Phoenix also pointed out that Petitioner had not been convicted of violating "section 303.1 of the building code," meaning his vagueness challenge made no sense. (Doc. 13-2 at 49). The motion for reconsideration was denied without discussion.

Finally, in his response to Respondent's answer to his habeas petition, Petitioner argues "the essence of [his federal] claims was absolutely presented to the state courts." (Doc. 14 at 4). Petitioner allegedly made such arguments during his trial and, on appeal, he "again raised the issues of vagueness and over breadth, while not specifically labeling them as such." Petitioner claims he "exerted his best efforts to apprise each state court of his essential civil liberties arguments" and it would be unfair to not allow him to "vindicate his most basic civil rights." (Doc. 14 at 5).

---

[2] The Superior Court Rules provide, "A motion for reconsideration shall be directed solely to discussion of those specific points or matters in which it is claimed the appellate court has erred in determination of facts or law." Ariz. R. Crim. P. 31.18. The Rules also require perfection of appeals and state that no relief shall be granted for new matters that could have been raised on appeal but were not. Ariz. R. Crim. P. 31.11; Ariz. R. Crim. P. 32.2.

Petitioner was required to exhaust his federal claims by presenting them to the superior court. His passing reference to his "Constitutional rights" was not sufficient. "Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory." *Castillo v. McFadden*, 399 F.3d 993, 1002 (9th Cir. 2005). Petitioner's briefing cannot fairly be read as "clearly stat[ing] the federal basis and federal nature of the claim, along with relevant facts." *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011).

The superior court's discussion of the issue does not preclude this finding nor does Respondent's briefing. The exhaustion requirement is a petitioner's burden. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999). It cannot be satisfied through reliance on the state's briefing in response to the defendant's appeal. *Foote v. Del Papa*, 244 F. App'x 74, 78 (9th Cir. 2007) ("The State's brief on direct appeal cannot evidence Foote's presentation of a federal claim."). Where a petitioner's claim before the state courts only vaguely references federal law, the respondent's brief gives it slightly more substance, and the state court analyzes the claim under state law, a petitioner cannot be found to have exhausted his state court remedies regarding newly refined federal claims first raised in a federal habeas petition. *See Anderson v. Harless*, 459 U.S. 4, 7 (1982). The superior court made a vague statement regarding a constitutional challenge but only analyzed the claims under Arizona statutes. (Doc. 13-2 at 37-38). The superior court was not sufficiently on notice of Petitioner's later articulated federal claims and did not "expressly pass on the merits, under federal law" of Petitioner's claims. *Arrendondo v. Neven*, 2014 WL 4056516, at *14 (9th Cir. Aug. 18, 2014). The claims were not exhausted.

Accordingly,

**IT IS ORDERED** the Magistrate Judge's Report and Recommendation (**Doc. 15**) is **SUSTAINED ON ALTERNATIVE GROUNDS**.

**IT IS FURTHER ORDERED** the Petition for Writ of Habeas Corpus (**Doc. 1**) is **DENIED**.

**IT IS FURTHER ORDERED** a Certificate of Appealability is **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 29th day of September, 2014.

_____
Honorable Roslyn O. Silver
Senior United States District Judge